Rick Richmond (SBN 194962)
rrichmond@larsonllp.com
Andrew E. Calderón (SBN 316673)
acalderon@larsonllp.com
Jina Yoon (SBN 331948)
jyoon@larsonllp.com
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendants The Church of Jesus Christ of Latter-day Saints and Temple Corporation of the Church of Jesus Christ of Latter-day Saints

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE AC DOE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a nonprofit corporation, TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a nonprofit corporation, CORPORATION OF THE PRESIDENT OF THE BAKERSFIELD CALIFORNIA STAKE, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a California corporation; SANTA BARBARA CALIFORNIA STAKE OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an entity of unknown form; and DOES 1 to 100, Inclusive,<br><br>　　　　Defendant. | Case No.<br><br>[Kern County Superior Court Case No. 25CUB00204]<br><br>**DEFENDANT THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**<br><br>**[28 U.S.C. § 1332]**<br><br>[*Filed concurrently with Declarations of Rick Richmond and Bradley P. Wood*]<br><br>State Action Filed: October 10. 2025 |

LARSON
LOS ANGELES

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

      **PLEASE TAKE NOTICE** that Defendant The Church of Jesus Christ of Latter-day Saints ("Church") removes the above-referenced action from the California Superior Court for the County of Kern to the United States District Court for the Eastern District of California. The Church removes this action under 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 28 U.S.C. § 1332. Removal of this action is made on the following grounds:

## PROCEDURAL HISTORY

1. On October 10, 2025, Plaintiff Jane AC Doe filed a Complaint against the Church, Temple Corporation of the Church of Jesus Christ of Latter-day Saints ("Temple Corporation"), Corporation of the President of the Bakersfield California Stake ("Corporation of the President"), and Santa Barbara California Stake ("Santa Barbara Stake") in the Kern County Superior Court under case No. 25CUB00204.

2. The Church attaches true and correct copies of the following documents retrieved from the state court docket[1]:

- Complaint, filed October 10, 2025, Ex. 1.
- Summons to Church, issued November 6, 2025, Ex. 2.
- Notice and Acknowledgment of Receipt – Civil, returned November 26, 2025, Ex. 3.
- Answer to Complaint on behalf of Defendants The Church of Jesus Christ

---

[1] The Church is submitting copies of all state court pleadings and orders that are in its possession. Plaintiff did not serve the Church with all documents on the Kern County Superior Court docket, including the Civil Case Cover Sheet and the Court's Notice of Assignment, Order to Show Cause (CRC 3.110), and Case Management Conference. The Church is unable to retrieve those documents from the Kern County Superior Court due to the state court's holiday closure. The Church will promptly supplement the record upon receipt of the additional state court documents.

of Latter-day Saints and Temple Corporation of The Church of Jesus Christ of Latter-day Saints, filed December 23, 2025, <u>Ex. 4</u>.

## **JURISDICTION**

3.     As set forth below, the Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     Based on that diversity jurisdiction, Defendant removes this action under 28 U.S.C. § 1441(b).

## **VENUE**

5.     Venue is proper in the Eastern District of California because this is "the district court of the United States for the district and division within which such action is pending" as the action is pending in the Kern County Superior Court.  28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 84(c)(1), 1441(a).

## **COMPLETE DIVERSITY**

**I.     Plaintiff Is a Citizen of Sacramento County, California[2]**

6.     Plaintiff alleges that she is a resident of Sacramento County, California. Ex. 1, ¶ 3; *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship); *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) ("[A] person's residence constitutes *some* evidence of domicile.") (emphasis in original); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is *prima facie* the domicile."); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("[T]he place of residence is prima facie the domicile.").

7.     Public records support that Plaintiff is domiciled in California.

---

[2] Plaintiff sued under a fictitious name but has revealed her true name and birthdate to Church counsel.

Richmond Decl., ¶ 3.  Public records reflect the following:  Plaintiff has a current address in Sacramento, California.  *Id*.  Plaintiff has maintained multiple addresses in California as early as 2016, but since at least 2019.  *Id*.  Plaintiff identifies on social media as a professional photographer working in Sacramento, California.  *Id*.  The Church located no public records reflecting Plaintiff currently has any ties to Utah.  *Id*.  Collectively, these factors support that Plaintiff is domiciled in California.  *Lew*, 797 F.2d at 750 (noting that an individual's domicile can be determined by a number of factors, including current residence, location of personal and real property, location of brokerage and bank accounts, location of family, membership in organizations, place of employment or business, driver's license and automobile registration, and payment of taxes).

## II. The Church is A Citizen of Utah

8. The Church is incorporated as a Utah corporation sole with its principal place of business in Utah.  Wood Decl., ¶¶ 4, 10–12, Exs. A–B.  That makes the Church a Utah citizen.

## III. The Temple Corporation is a Utah Citizen

9. The Temple Corporation is a Utah nonprofit corporation with its principal place of business in Utah.  *Id.*, ¶ 24, Ex. D.  The Temple Corporation is an integrated auxiliary and supporting organization of the Church that advances the Church's mission through ownership of temples.  *Id.*

## IV. The Santa Barbara Stake Is Part of The Incorporated Church

10. The Santa Barbara Stake is a non-jural entity that is part of the incorporated Church.  *Id.*, ¶ 14.  The Santa Barbara Stake refers to a geographic ecclesiastical grouping of local Church congregations known as a "stake."  *Id.*, ¶¶ 14–15.  The Church's local congregations are called "wards" or "branches."[3]  Wards and branches are grouped into ecclesiastical units known as "stakes," a term taken

---

[3] https://newsroom.churchofjesuschrist.org/article/ward.

from the Old Testament.[4]  The Church organizes, funds, and controls its wards and stakes, such as the Santa Barbara Stake.  *Id.*, ¶¶ 14–23.

11.  The Santa Barbara Stake is not a corporate entity and has no corporate existence apart from the Church.  *Id.*, 14.  The Santa Barbara Stake is not registered with the California Secretary of State.  *Id.*  The Santa Barbara Stake does not have a registered agent.  *Id*.  The Santa Barbara Stake has no assets.  *Id.*, ¶ 19.  The Church owns the properties and chapels where its members who are part of the Santa Barbara Stake meet and worship.  *Id.*

12.  Plaintiff alleges the Santa Barbara Stake has its principal place of business in Santa Barbara, California.  Ex. 1, ¶ 7.  Any meetinghouse (chapel) used by the Santa Barbara Stake is owned by the Church.  Wood Decl., ¶ 19–22.

13.  As part of the incorporated Church, the Santa Barbara Stake is incapable of being sued individually and does not possess citizenship distinct from the Church.  *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 939 (C.D. Cal. 2011) ("Ninth Circuit precedent holds that, unlike a legally incorporated subsidiary, an unincorporated division of a corporation does not possess the formal separateness required and is therefore not an independent entity for jurisdictional purposes.") (*citing Breitman v. May Co. Calif.*, 37 F.3d 562, 564 (9th Cir. 1994) (affirming diversity jurisdiction existed because an unincorporated division did not possess independent citizenship)).

14.  Stakes are akin to a division of a corporation.  "Corporations are proper defendants; unincorporated divisions of them are simply that—parts of them." *Rockymore v. Eurofins Donor & Product Testing, Inc.*, No. 3:22-cv-00176-WHO, 2022 WL 2704122, *3 (N.D. Cal. July 11, 2022).  There is "no legal basis to be able to sue an entity that does not have any independent legal status."  *Id.*; *see also Breitman*, 37 F.3d at 564; *Sanfilippo v. Match Group LLC*, No. 20-55819, 2021 WL

---

[4] https://newsroom.churchofjesuschrist.org/article/stake.

4440337, *1 (9th Cir. Sept. 28, 2021) (Tinder was "an unincorporated division of Match Group" and is therefore ignored "for purposes of assessing its jurisdiction"); *L'Garde, Inc.*, 805 F. Supp. 2d at 939; *Salzstein v. Bekins Van Lines, Inc.*, 747 F. Supp. 1281, 1282 n.1 (N.D. Ill. 1990) ("[B]y definition a corporate division is not a separate legal entity and hence is not suable.").

15. In any event, the Church is the only proper entity defendant for the Church-related allegations in the Complaint. Wood Decl., ¶¶ 12, 32. The Church is the entity that would satisfy any judgment against the Church. *Id.*, ¶ 32.

**V.  The Corporation of the President Should be Disregarded for Diversity Citizenship.**

16. The Church incorporated the Corporation of the President in California and uses it as a holding company for limited tax and real estate purposes. Wood Decl., ¶¶ 25–26. The Court should disregard the Corporation of the President for jurisdictional purposes for four reasons.

17. First, there is no possibility of recovery against the Corporation of the President. Plaintiff does not even allege any specific conduct or basis of liability by the Corporation of the President (other than overlapping liability by all defendants for all conduct). The Corporation of the President had no relation to the alleged events. The Corporation of the President has no employees or volunteers. *Id.*, ¶ 26. The Corporation of the President has no ecclesiastical functions. *Id*. The Corporation of the President does not organize, manage, or oversee any of the Church's ecclesiastic activities, congregations, or members. *Id*. There is no allegation abuse occurred at a location under the control of the Corporation of the President. The Church meetinghouses and facilities in Bakersfield, California and Santa Barbara County, California, where Plaintiff alleges she was injured in her Complaint, and the Santa Barbara Stake, are not part of the Corporation of the President. *Id.* ¶¶ 27–28; Compl. ¶ 43. Nor have they ever been so at any time relevant to Plaintiff's allegations. Wood Decl. ¶ 28; Compl. ¶ 41. As a result, the

Corporation of the President is fraudulently joined with no "possibility of recovery" against it. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

18. Second, the Corporation of the President has not been served. There is no record of a proof of service for the Corporation of the President on the state court docket. As such, removal is proper regardless of the Corporation of the President's identity. *See Dechow v. Gilead Scis., Inc.*, 358 F.Supp.3d 1051, 1055 (C.D. Cal. 2019) (holding that from the plain text, "§ 1441(b)(2) which requires a party to be properly joined and served before the forum defendant rule may limit the Court's jurisdiction.").

19. Third, the only proper entity defendant for the Church-related allegations in the Complaint is the Church. The incorporated Church is the only entity with organizational authority over the "Young Men's Presidents and First Counselors" and "Secretaries" described in the Complaint. Wood Decl. ¶¶ 29–30. And the Church is the entity that would satisfy any judgment against the Church. *Id.* ¶ 32.

20. Finally, Plaintiff improperly added the Corporation of the President without good cause to attempt to defeat diversity jurisdiction. In recent abuse cases filed in California state courts against the Church, certain plaintiffs have attempted to avoid removal by adding a similar Corporation of the President without any specific factual allegations. A similar patter appears here: Plaintiff added the Corporation of the President without identifying any facts connecting it to the alleged conduct, suggesting the naming of the Corporation of the President was made solely to prevent removal. As with Santa Barbara, the Church has an ecclesiastic stake in Bakersfield, the Bakersfield California Stake, yet Plaintiff strategically named the incorporated Corporation of the President, rather than the non-jural stake itself. Plaintiff seems to acknowledge as much, by describing the alleged perpetrator as the "Young Men's First Counselor and Secretary of the

Bakersfield California Stake"—not of the Corporation of the President of the Bakersfield California Stake. It is true that any volunteer positions as a young men's first counsel or secretary would have been part of the ecclesiastic and non-jural stake, not the Corporation of the President.

21. In sum, the Corporation of the President is a sham defendant, and its citizenship should be disregarded.

## AMOUNT IN CONTROVERSY

22. As set forth below, the amount in controversy exceeds $75,000.

23. California law prohibits pleading a specific demand for relief in an action "brought to recover actual or punitive damages for personal injury …." Cal. Code Civ. Proc. § 425.10(b). Plaintiff designated the case as an unlimited civil case according to California law, in which the amount demanded exceeds $35,000. Ex. 2.

24. The "facially apparent" allegations in the Complaint, however, demonstrate that the amount in controversy exceeds $75,000. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

25. Plaintiff alleges she was sexually abused as a minor by adult male leaders of the Church, including the Young Men's President, First Counselor, and Secretary of the Bakersfield and Santa Barbara Stakes, between approximately 1994 and 2001. Ex. 1, ¶¶ 2, 40–50. Plaintiff alleges the Church is liable to her for the abuse. *Id*. ¶¶ 52–119. And Plaintiff alleges that as a result of the abuse, she "suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical and psychological care and treatment, and past and future loss of earnings and earning capacity." *Id*. ¶¶ 70, 76, 81, 99, 105, 111.

26. Thus, the extent and duration of those alleged damages are facially apparent to exceed $75,000. The amount in controversy for similar claims of

childhood sexual abuse in this district routinely exceeds $75,000.[5]

## TIMELINESS OF NOTICE OF REMOVAL

27. The Church's Notice of Removal is timely under 28 U.S.C. § 1446 because the Church has 30 days after service of the Complaint to remove this action and is properly seeking removal within that time frame. *See* 28 U.S.C. § 1446(b)(2)(B) (providing defendants with 30 days to remove after service); *see also Mayes v. American Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1078 (9th Cir. 2024) ("[U]nder § 1446(b)(1), a defendant may remove a state-court action once it receives a copy of the complaint; it does not have to wait for formal service."). Church counsel accepted service of the summons and complaint on behalf of the Church and Temple Corporation on November 26, 2025. Richmond Decl., ¶ 6; Ex. 7. In other words, service was complete as of November 26, 2025, and the deadline for removal is December 26, 2025. The Santa Barbara Stake and the Corporation of the President have neither been served nor responded to the Complaint. Notably, the Santa Barbara Stake is incapable of being served as it is a non-jural entity.

## COPIES OF ALL PROCESS, PLEADINGS, AND ORDERS SERVED

---

[5] *See, e.g.*, *Shenko v. Coulter*, No. 2:22-cv-09232-MEMF (PVCx), 2023 WL 3101523, at *1 (C.D. Cal. Feb. 28, 2023) (seeking damages in excess of $300,000,000 in an action brought under California's Child Victims' Act); *A.B. v. Regents of Univ. of California*, No. 2:20-cv-09555-RGK-E, 2021 WL 3030191, at *1 (C.D. Cal. Jan. 8, 2021) (granting class action settlement where defendant UCLA was to create a $73 million, non-revisionary settlement fund to pay class members who suffered sexual abuse by an employee of UCLA); *Von Bradley v. Dep't of Child. & Fam. Servs.*, No. CV 17-6556-JFW (AGR), 2018 WL 7291450, at *2 (C.D. Cal. Dec. 12, 2018), report and recommendation adopted sub nom. *Van Bradley v. Dep't of Child. & Fam. Servs.*, No. CV 17-6556-JFW (AGR), 2019 WL 587282 (C.D. Cal. Feb. 13, 2019) (seeking compensatory damages of $1,750,000 and punitive damages of $4,500,000 in an action stemming from childhood sexual abuse); *Oliver v. Luner*, No. LA 18-cv-02562 VAP (AFMx), 2018 WL 5919471, at *2 (C.D. Cal. Aug. 3, 2018) (seeking damages of $250,000,000 and punitive damages in an action for sexual battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and respondeat superior).

28. The Church has provided the Court with copies of all pleadings and documents it has retrieved from the state court docket. Exs. 1–4.

29. The Church and Temple Corporation answered the Complaint in the Kern County Superior Court on December 23, 2025. Ex. 4.

## NOTICE TO ADVERSE PARTY AND STATE COURT

30. In accordance with 28 U.S.C. § 1446(d), the Church will file a Notice to the Clerk of the Superior Court of Removal including a copy of the Notice of Removal with the Superior Court, and will serve a copy on Plaintiff. Richmond Decl., ¶¶ 4–5.

31. True and correct copies of the Notice to Adverse Party of Removal and the Notice to the Clerk of the Kern County Superior Court of Removal are attached to the Richmond Declaration as Exhibits A and B, respectively. *Id.*, Exs. A–B.

## CONSENT TO REMOVAL BY ALL DEFENDANTS PROPERLY JOINED

32. Temple Corporation consents to removal. Richmond Decl., ¶ 7.

## CONCLUSION

33. Plaintiff's case is removable to this Court because it is pending in the Kern County Superior Court and is a civil action where (i) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs; and (ii) is between citizens of different states. *See* 28 U.S.C. §§ 84(c)(1), 1332(a), 1441(a).

In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, Defendant respectfully requests that the Court issue an order to show cause why the case should not be remanded and afford the parties an opportunity to provide the Court with full briefing and argument.

/ / /
/ / /
/ / /
/ / /

Dated: December 26, 2025         LARSON LLP

By: /s/ Rick Richmond
Rick Richmond
Andrew E. Calderón
Jina Yoon

Attorneys for Defendants The Church of Jesus Christ of Latter-day Saints and Temple Corporation of the Church of Jesus Christ of Latter-day Saints