Rick Richmond (SBN 194962)
*rrichmond@larsonllp.com*
Andrew E. Calderón (SBN 316673)
*acalderon@larsonllp.com*
Jina Yoon (SBN 331948)
*jyoon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendants The Church of Jesus Christ of Latter-day Saints, Temple Corporation of The Church of Jesus Christ of Latter-day Saints, and Corporation of the President of the Bakersfield California Stake, The Church of Jesus Christ of Latter-day Saints

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE AC DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a nonprofit corporation; TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a nonprofit corporation; CORPORATION OF THE PRESIDENT OF THE BAKERSFIELD CALIFORNIA STAKE, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a California corporation; SANTA BARBARA CALIFORNIA STAKE OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an entity of unknown form; and DOES 1 to 100. Inclusive,<br><br>        Defendants. | Case No. 1:25-cv-02017-KES-CDB<br><br>Judge: Hon. Kirk E. Sherriff<br>Magistrate Judge: Christopher D. Baker<br><br>**DEFENDANT THE CORPORATION OF THE PRESIDENT OF THE BAKERSFIELD CALIFORNIA STAKE'S ANSWER TO COMPLAINT FOR DAMAGES** |

The Corporation of the President of the Bakersfield California Stake, a California corporation sole ("Defendant"), hereby answers the allegations in Plaintiff Jane AC Doe's ("Plaintiff") Complaint for Damages (the "Complaint") as follows:

## INTRODUCTION

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's abuse as found in Paragraph 1 and denies them on that basis.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's abuse as found in Paragraph 2 and denies them on that basis.  Defendant further denies all other allegations contained in Paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's abuse, her identity, and identity of the alleged perpetrators as found in Paragraph 3 and denies them on that basis.  Defendant further denies any other allegations contained in Paragraph 3.[1]

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and denies them on that basis. Defendant admits that Plaintiff appears to be using a fictitious name.

5. As it relates to the allegations in Paragraph 5, Defendant admits that the Church of Jesus Christ of Latter-day Saints (the "Church") is a religious entity with a location in Bakersfield, California.  Defendant admits that the Church is a Utah corporation sole.  Defendant admits that the Church operates wards, meetinghouses,

---

[1] Plaintiff refers to herself variously as "he" and "his" and "she" and "her" throughout the Complaint, sometimes in the same sentence, despite her representation in Paragraph 3 that she is an "adult female."  Defendant will simply assume the use of "he" and "his" is an editorial error rather than objecting to each ostensible misuse of the masculine.

congregations, temples and other houses of worship within the State of California. Defendant admits that the Church is qualified to transact intrastate business in California. Defendant admits that the Church's principal place of operations is at 50 East North Temple, Salt Lake City, State of Utah 84150. Defendant admits that the Church is registered to do business in California. Defendant admits that wards, stakes, and areas are ecclesiastical divisions of the Church. The other allegations in this Paragraph 5 state legal conclusions for which no answer is necessary. To the extent an answer is necessary, Defendant denies them. Except as expressly admitted herein, Defendant denies all other allegations of Paragraph 5.

6. As it relates to the allegations in Paragraph 6, Defendant admits that the Temple Corporation is a nonprofit corporation duly organized and operating pursuant to the laws of the State of Utah. Defendant admits that the Temple Corporation owns certain real estate within the State of California. Defendant admits that the Temple Corporation does business in California. Defendant admits that the Temple Corporation's principal place of operations is 50 East North Temple, Salt Lake City, State of Utah 84150. Defendant admits that the Temple Corporation is registered to do business in California. The other allegations in this Paragraph 6 state legal conclusions for which no answer is necessary. To the extent an answer is necessary, Defendant denies them. Except as expressly admitted herein, Defendant denies all other allegations of Paragraph 6.

7. As it relates to the allegations in Paragraph 7, Defendant admits that it is a corporation sole duly organized and operating pursuant to the laws of California and owns real estate in California, including in the Bakersfield area. The final sentence in Paragraph 7 states legal conclusions for which no answer is necessary. To the extent an answer is necessary, Defendant denies them. Defendant specifically denies all other allegations in this Paragraph, including but not limited to all allegations concerning Defendant's operation of wards and units in the

Bakersfield area.

8. As it relates to the allegations in Paragraph 8, Defendant admits that the Santa Barbara California Stake is an ecclesiastical subunit of the Church, and is accordingly not legally distinct or severable from the Church itself. All other allegations in Paragraph 8 are accordingly denied.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's abuse or the alleged perpetrators as found in Paragraph 9 and denies them on that basis. Defendant further denies all other allegations contained in Paragraph 9.

10. As it relates to Paragraph 10, several allegations state legal conclusions for which no answer is necessary. To the extent an answer is necessary, Defendant denies them. Defendant further lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's abuse and the identity of the alleged perpetrators and denies them on that basis. Defendant further denies all other allegations contained in Paragraph 10.

11. Defendant admits the Church receives tithes from members of the Church. Defendant denies all other allegations in Paragraph 11.

12. Defendant lacks knowledge and information sufficient to enable it to respond to the allegations in Paragraph 12 and, on that basis, denies all allegations.

13. As it relates to Paragraph 13, the allegations state legal conclusions for which no answer is necessary. To the extent an answer is necessary, Defendant denies them.

14. As it relates to Paragraph 14, the allegations state legal conclusions for which no answer is necessary. To the extent an answer is necessary, Defendant denies them.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's abuse and identity of the alleged perpetrators as found in Paragraph 15 and denies them on that basis.

Defendant denies any other allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's abuse and identity of the alleged perpetrators as found in Paragraph 16 and denies them on that basis.

17. As it relates to Paragraph 17, the allegations state legal conclusions for which no answer is necessary. To the extent an answer is necessary, Defendant denies them. Defendant denies that it is a proper defendant in this matter.

18. Paragraph 18 appears to be an editorial comment for which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in Paragraph 18.

## JURISDICTION AND VENUE

19. Paragraph 19 contains legal contentions to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 19.

20. Defendant lack knowledge and information sufficient to respond to the allegations in Paragraph 20 and, on that basis, denies them. As this case has been removed to federal court, Defendant admits that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1332(a).

## FACTUAL ALLEGATIONS

21. Defendant admits the allegations in Paragraph 21.

22. Defendant denies the allegations that the Quorum of the Twelve Apostles manages local leadership. Defendant otherwise admits the allegations in Paragraph 22.

23. Defendant admits the allegations in Paragraph 23.

24. Defendant denies that the Quorums of the Seventy "exist" to assist the Quorum of the Twelve Apostles; denies that all members of the Quorums of the Seventy report directly to the Quorum of the Twelve Apostles; and denies that each member of each Quorum of Seventy lives and works within the areas which he

serves.  Defendant otherwise admit the allegations in Paragraph 24.

25. Defendant admits the allegations in Paragraph 25.

26. As it relates to Paragraph 25, Defendant admits that bishops are called by and overseen by a stake president.  Defendant further admits that bishops can play an important role helping members of his ward, including the youth, develop testimonies.  Defendant also admits that bishops have certain responsibilities in relation ward finances and record keeping.  Defendant denies all other allegations in Paragraph 25.

27. Defendant admits the allegations in Paragraph 27.

28. Defendant lacks knowledge and information sufficient to respond to the allegations in Paragraph 28 and, on that basis, denies them.

29. Defendant admits it keeps some records regarding membership, but that the statements in Paragraph 29 largely misstate, conflate, or confuse that process, and denies the allegations in Paragraph 29 on that basis.

30. As it relates to the allegations in Paragraph 30, Defendant admits that the Church occasionally annotates records.  Plaintiff failed to provide a citation to its quotes, so Defendant is unable to certify whether the information contained therein is accurately quoted.  All other allegations in Paragraph 30 are denied as stated.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant admits the quoted language in the first sentence of Paragraph 32 was in a past edition of the Church's general handbook of instructions.

33. Defendant admits *MacGregor v. Walker*, 322 P.3d 706, 707 (Utah 2014), contains the language quoted in Paragraph 33.  Defendant denies the remaining allegations of Paragraph 33.

34. Defendant admits attorneys are involved in responding to certain calls to the Church's Helpline.  Defendant denies the remaining allegations in Paragraph 34.

1   35.   Defendant denies all the allegations in Paragraph 35.
2   36.   Defendant admits that the Vice article cited contains the statement
3 quoted in Paragraph 36.  Defendant denies all the remaining allegations in
4 Paragraph 36.
5   37.   Defendant denies all the allegations in Paragraph 37.
6   38.   Defendant denies all the allegations in Paragraph 38.
7   39.   Defendant denies all the allegations in Paragraph 39.

## PLAINTIFF JANE AC DOE

9   40.   Defendant lacks knowledge or information sufficient to form a belief
10 about the truth of the allegations in Paragraph 40 and denies them on that basis.
11   41.   Defendant lacks knowledge or information sufficient to form a belief
12 about the truth of the allegations in Paragraph 41 and denies them on that basis.
13   42.   Defendant lacks knowledge or information sufficient to form a belief
14 about the truth of the allegations in Paragraph 42 and denies them on that basis.
15   43.   Defendant lacks knowledge or information sufficient to form a belief
16 about the truth of the allegations in Paragraph 43 and denies them on that basis.
17   44.   Defendant lacks knowledge or information sufficient to form a belief
18 about the truth of the allegations in Paragraph 44 and denies them on that basis.
19   45.   Defendant lacks knowledge or information sufficient to form a belief
20 about the truth of the allegations in Paragraph 45 and denies them on that basis.
21   46.   Defendant lacks knowledge or information sufficient to form a belief
22 about the truth of the allegations in Paragraph 46 and denies them on that basis.
23   47.   Defendant lacks knowledge or information sufficient to form a belief
24 about the truth of the allegations in Paragraph 47 and denies them on that basis.
25   48.   Defendant lacks knowledge or information sufficient to form a belief
26 about the truth of the allegations in Paragraph 48 and denies them on that basis.
27   49.   Defendant lacks knowledge or information sufficient to form a belief
28

about the truth of the allegations in Paragraph 49 and denies them on that basis.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and denies them on that basis.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. The allegations in Paragraph 57 state legal conclusions for which no answer is necessary. To the extent an answer is necessary, Defendant denies them.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies all the allegations in Paragraph 59.

60. Defendant denies all the allegations in Paragraph 60.

61. Defendant denies all the allegations in Paragraph 61.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and denies them on that basis.

63. The allegations in Paragraph 63 state legal conclusions for which no answer is necessary. To the extent an answer is necessary, Defendant denies them.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and denies them on that basis.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

65. Defendant incorporates its responses to each allegation in the preceding paragraphs as if set forth herein.

66. Defendant denies all the allegations in Paragraph 66.

67. Defendant denies all the allegations in Paragraph 67.

68. Defendant denies all the allegations in Paragraph 68.

69. Defendant denies all the allegations in Paragraph 69.

70. Defendant denies all the allegations in Paragraph 70.

## SECOND CAUSE OF ACTION

## NEGLIGENT SUPERVISION OF A MINOR

71. Defendant incorporates its responses to each allegation in the preceding paragraphs as if set forth herein.

72. Defendant denies all the allegations in Paragraph 72.

73. Defendant denies all the allegations in Paragraph 73.

74. Defendant denies all the allegations in Paragraph 74.

75. Defendant denies all the allegations in Paragraph 75.

76. Defendant denies all the allegations in Paragraph 76.

## THIRD CAUSE OF ACTION

## SEXUAL ABUSE OF A MINOR

77. Defendant incorporates its responses to each allegation in the preceding paragraphs as if set forth herein.

78. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 78 and denies them on that basis. Any remaining allegations are denied.

79. Defendant denies all the allegations in Paragraph 79.

80. Defendant denies all the allegations in Paragraph 80.

81. Defendant denies all the allegations in Paragraph 81.

82. Defendant denies all the allegations in Paragraph 82.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTION DISTRESS

83. Defendant incorporates its responses to each allegation in the preceding paragraphs as if set forth herein.

84. Defendant denies all the allegations in Paragraph 84.

85. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 85 and denies them on that basis.  Any remaining allegations are denied.

86. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 86 and denies them on that basis.  Any remaining allegations are denied.

87. Defendant denies all the allegations in Paragraph 87.

88. Defendant denies all the allegations in Paragraph 88.

## FIFTH CAUSE OF ACTION

## NEGLIGENT HIRING, SUPERVISION & RETENTION OF AN UNFIT EMPLOYEE

89. Defendant incorporates its responses to each allegation in the preceding paragraphs as if set forth herein.

90. Defendant denies all the allegations in Paragraph 90.

91. Defendant denies all the allegations in Paragraph 91.

92. Defendant denies all the allegations in Paragraph 92.

93. Defendant denies all the allegations in Paragraph 93.

94. Defendant denies all the allegations in Paragraph 94.

95. Defendant denies all the allegations in Paragraph 95.

96. Defendant denies all the allegations in Paragraph 96.

97. Defendant denies all the allegations in Paragraph 97.

98. Defendant denies all the allegations in Paragraph 98.

99. Defendant denies all the allegations in Paragraph 99.

## SIXTH CAUSE ACTION

## NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE

100. Defendant incorporates its responses to each allegation in the preceding paragraphs as if set forth herein.

101. Defendant denies all the allegations in Paragraph 101.

102. Defendant denies all the allegations in Paragraph 102.

103. Defendant denies all the allegations in Paragraph 103.

104. Defendant denies all the allegations in Paragraph 104.

105. Defendant denies all the allegations in Paragraph 105.

## SEVENTH CAUSE ACTION

## BREACH OF MANDATORY DUTY:

## FAILURE TO REPORT SUSPECTED CHILD ABUSE

106. Defendant incorporates its responses to each allegation in the preceding paragraphs as if set forth herein.

107. Defendant denies all the allegations in Paragraph 107.

108. Defendant denies all the allegations in Paragraph 108.

109. Defendant denies all the allegations in Paragraph 109.

110. Defendant denies all the allegations in Paragraph 110.

111. Defendant denies all the allegations in Paragraph 111.

## SEVENTH CAUSE ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

112. Defendant incorporates its responses to each allegation in the preceding paragraphs as if set forth herein.

113. Defendant denies all the allegations in Paragraph 113.

114. Defendant denies all the allegations in Paragraph 114.

115. Defendant denies all the allegations in Paragraph 115.

116. Defendant denies all the allegations in Paragraph 116.

117. Defendant denies all the allegations in Paragraph 117.

118. Defendant denies all the allegations in Paragraph 118.

119. Defendant denies all the allegations in Paragraph 119.

# PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any relief contained in her Prayer for Relief.

# AFFIRMATIVE DEFENSES

1. Plaintiff is precluded from recovering against Defendant because the allegations do not support a legal theory upon which relief may be granted.

2. Plaintiff is precluded from recovering from Defendant because no conduct of Defendant was the legal cause of any alleged harm or damage to Plaintiff, nor is Defendant a proper party to this matter.

3. Plaintiff's claims for damages against Defendant arising out of alleged tortious conduct on behalf of Defendant are barred because no special relationship exists between the Defendant and Plaintiff, barring any affirmative legal duty owing from Defendant to Plaintiff.

4. The conduct of others, including, but not limited to, Plaintiff's parents/legal guardians or the alleged perpetrator, is a supervening and superseding cause of Plaintiff's damages.

5. Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Defendant was not a mandated reporter for all or part of the time of the alleged conduct, or was exempt from reporting under California Penal Code sections 11165.7 and 11166.

6. Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Defendant had no notice of the alleged conduct.

7. Plaintiff's causes of action, and each of them, are barred, in whole or in part, because one or more of Defendants took reasonable actions to prevent abuse.

8. Plaintiff's causes of action, and each of them, are barred, in whole or in part, because there is no vicarious liability for sexual conduct under California law.

9. Plaintiff's damages are subject to comparative fault, including that of others who were not under the control of Defendant, and Defendant's liability, if

any, must be reduced in proportion to such comparative fault, including that of all third persons.

10. Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

11. Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of waiver.

12. Plaintiff's claims are barred by sections 335.1 and 340.1 of the California Code of Civil Procedure.

13. Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of laches.

14. Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of estoppel.

15. Defendant is entitled to an offset or credit for the full amount of all monies received by Plaintiff, either directly or indirectly, if any.

16. Plaintiff or third parties failed and neglected to use reasonable care to minimize and mitigate the losses and damages of which she complains and therefore cannot recover against Defendant whether as alleged or otherwise.

17. Plaintiff's damage claims are barred to the extent that Plaintiff's damages, if any, are the proximate result of the conduct or failures of third parties over which Defendant has and had no control.

18. Plaintiff's damage claims against Defendant are barred, in whole or in part, because they are speculative.

19. Plaintiff's claims for damages against Defendant are barred to the extent her claims rely upon confidential information or communications protected by any evidentiary privilege, such as the attorney-client privilege, the work product doctrine, or the priest-penitent privilege, and any other privilege at common law or found in statute.

20. Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Plaintiff failed to join an indispensable party.

21. Plaintiff's claims for damages against Defendant arising out of alleged tortious conduct on behalf of Defendant may be barred by the First Amendment to the Constitution of the United States.

22. Any alleged injury suffered by Plaintiff is the proximate result of the failure, neglect, omissions, negligence or acts of the Plaintiff and on that basis Plaintiff is barred from any claims or relief.

23. Plaintiff's claims for damages against Defendant arising out of alleged tortious conduct on behalf of Defendant may be barred by the Article 1, Section 4, California Constitution.

24. Plaintiff's allegations do not support grounds for punitive or exemplary damages and Plaintiff has not complied with California Code of Civil Procedure section 425.14.

25. Plaintiff's claims are barred by the 14th Amendment of the United States Constitution because the events at issue happened so long ago, it is unjust, unreasonable, and prejudicial to Defendant to require them to defend itself from stale claims when relevant evidence and witnesses may be unavailable.

26. Defendant has or may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize her claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may have some responsibility. Therefore, Defendant reserves the right to assert additional defenses upon further particularization or clarification of Plaintiff's claims, upon examination of the documents provided, upon discovery of information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

# **PRAYER FOR RELIEF**

Defendant prays that Plaintiff recovers nothing by way of her Complaint against Defendant, and that said Complaint be dismissed with prejudice against Defendant. Additionally, Defendant request they be awarded their costs incurred herein. Defendant also ask that the Court award such other and further relief as it deems just and equitable.

Dated: January 27, 2026          LARSON LLP

By:     /s/ *Rick Richmond*
  Rick Richmond
  Andrew E. Calderón
  Jina Yoon

Attorneys for Defendants The Church of Jesus Christ of Latter-day Saints, Temple Corporation of The Church of Jesus Christ of Latter-day Saints, and Corporation of the President of the Bakersfield California Stake, The Church of Jesus Christ of Latter-day Saints