UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE AC DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-02017-KES-CDB<br><br>ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br><br>(Doc. 23)<br><br>ORDER DIRECTING PLAINTIFF TO FILE DECLARATION |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

Plaintiff Jane AC Doe commenced this action in state court with the filing of a complaint against Defendants The Church of Jesus Christ of Latter-Day Saints ("the Church"), Temple Corporation of the Church of Jesus Christ of Latter-Day Saints ("the Temple"), Corporation of the President of The Bakersfield California Stake ("Bakersfield Stake") (collectively, Defendants"), and Santa Barbara California Stake of The Church of Jesus Christ of Latter-day Saints[1]. *See* (Doc. 1). In her complaint, Plaintiff alleges that between approximately 1994 and 2001, she was a minor and spent summers in California during which she was sexually abused by adult male leaders of the various Defendants, including on the Church's property in

---

[1] Defendant Santa Barbara California Stake has not filed a responsive pleading or otherwise appeared.

1

Bakersfield and Santa Barbara.  Plaintiff alleges that the sexual and emotional abuse she experienced was directly connected to the various Defendants' youth programs and activities, and was made possible by the authority, trust, and access Defendants conferred upon these leaders.  (Doc. 1-1 ¶ 2).

The Church and the Temple removed the action to this Court on December 26, 2026.  On January 23, 2026, Plaintiff filed a motion to remand.  (Doc. 8).  That motion is fully briefed and submitted before the presiding district judge.  (Doc. 13).  Shortly after the motion's submission, the parties requested the Court to enter a stipulated protective order to govern anticipated discovery; the Court entered the parties' protective order on March 5, 2026.  (Docs. 15-16).

Counsel for the parties arranged for the deposition of Plaintiff to occur on April 8, 2026.  (Doc. 23).  Plaintiff arrived for the deposition approximately one hour late and unilaterally terminated the deposition after approximately three hours due to an unspecified emergency.  *Id*.  The parties thereafter agreed to continue Plaintiff's deposition on April 30, 2026.  *Id*.  Counsel for Plaintiff confirmed with counsel for Defendants two days prior to the deposition that Plaintiff would appear.  However, Plaintiff did not appear at the deposition and, after waiting approximately one hour, Defendants certified Plaintiff's non-appearance.  *Id*.

On April 30, 2026, counsel for Defendants contacted the Court to report that the parties' good faith efforts to resolve the issue of Plaintiff's non-appearance at the deposition had been unsuccessful and requested to convene for an informal discovery dispute conference.  (Doc. 21).  The Court set the matter for an informal discovery dispute conference and the parties filed a joint letter brief (Doc. 23).  The same day, counsel for Plaintiff filed a motion to withdraw as counsel of record.  (Doc. 22).

On May 6, 2026, the Court convened with the parties on the record via Zoom videoconference to address the discovery dispute.  (Doc. 24).  Pinar Kermani appeared on behalf of Plaintiff[2]; Andrew Calderon and Jina Yoon appeared on behalf of all appearing Defendants.  At the beginning of the conference, the parties agreed to the Court's resolution of the identified

---

[2] Counsel for Plaintiff Michael Zuzo also appeared but was attired without coat, tie, or anything resembling proper courtroom attire.  To the extent it is not obvious, counsel is admonished that they are required to appear for all court proceedings in proper courtroom attire.

2

discovery disputes on the current record in lieu of motion to compel proceedings under Local Rule 251, subject only to their recourse to review of the undersigned's anticipated order by the presiding district judge pursuant to Fed. R. Civ. P. 72(a).

**Discussion**

At the informal discovery dispute conference, counsel for Plaintiff confirmed the accuracy of the factual background set forth in the parties' joint letter brief. Counsel also represented to the Court that, on the same day Plaintiff failed to appear for her April 30 continued deposition, counsel learned from an unidentified third-party that Plaintiff reportedly was unable to attend the continued deposition because she was in the hospital at that time.

Because it is undisputed that Plaintiff unilaterally terminated her deposition approximately three hours after it began and before Defendants completed their examination of her, Defendants are entitled to demand that she appear for a continued deposition. *See* Fed. R. Civ. P. 30(d)(1). Indeed, counsel for Plaintiff cooperated with defense counsel to reset the deposition on April 30 and does not dispute Plaintiff's obligation to appear for the continued deposition. *See* (Doc. 23 at 2-3).

Instead, counsel for Plaintiff asks the Court to "defer" resolution of the dispute concerning Plaintiff's continued deposition until after the presiding district judge rules on Plaintiff's pending motion to remand (Doc. 8), and the undersigned rules on counsel's pending motion to withdraw as counsel of record (Doc. 22).

While the Court acknowledges counsel for Plaintiff's representations that they recently have been unable to communicate effectively with Plaintiff, that is a new development occurring contemporaneous with Plaintiff's failure to appear at her April 30 continued deposition. This relatively isolated and singular occurrence does not present the Court with good cause to relieve Plaintiff of her obligation to submit to deposition, particularly given Plaintiff's earlier appearance and apparent agreement through counsel to appear again for a continued deposition on April 30.

Accordingly, the Court will grant Defendants the relief they request and order Plaintiff to appear for a continued deposition. The Court cautions Plaintiff that her failure to make herself available for deposition in violation of this Order may be grounds for sanctions, including

evidentiary sanctions (*see Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016)), and dismissal of the action. *E.g., Jones v. Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009) (dismissing action upon plaintiff's failure to appear for continued deposition); *Lugo v. Sham*, No. C00-11-4MMC(JL)(JCS), 2001 WL 348984, at *4 (N.D. Cal. Apr. 5, 2001) (same). *Cf. Roth v. AIG*, No. 2:24-cv-01124-TLN-CKD, 2025 WL 216266, at *3 (E.D. Cal. Jan. 16, 2025) (evidentiary sanctions not warranted where plaintiff's single failure to appear for deposition occurred more than three months before close of fact discovery and plaintiff had not previously been warned by the court that a failure to appear would result in sanctions).

Here, Defendants also have requested the Court order Plaintiff to reimburse them for costs they incurred for her failures to appear for deposition. When a party "fails, after being served with proper notice, to appear for that person's deposition," the court "must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1) & (3). *See, e.g.*, *MG Premium Ltd. V. Does*, No. CV 21-8533-MCS (KKx), 2023 WL 4291526, at *6-7 (C.D. Cal. June 8, 2023) (awarding attorney's fees and costs for court reporter, videographer, and transcript preparation resulting from plaintiff's failure to appear for deposition).

Based on counsel for Plaintiff's representation that she learned from an unidentified third-party that Plaintiff reportedly was unable to attend the continued deposition because she was in the hospital at that time, it is unclear whether awarding costs incurred by Defendants would be unjust. Accordingly, the Court will deny without prejudice Defendants' request for an award of costs and direct Plaintiff to submit a declaration attesting to the reasons why she failed to appear for the April 30 continued deposition, following which Defendants may renew their request.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Defendants' request for discovery relief (Doc. 23), construed as a motion to compel pursuant to Rule 37, is GRANTED IN PART;

4

2. Counsel for Plaintiff SHALL OBTAIN Plaintiff's availability to appear for deposition and initiate meet/confer consultations with counsel for Defendants regarding the continued deposition no later than May 13, 2026;

3. Plaintiff Jane AC Doe SHALL APPEAR for and complete deposition no later than May 27, 2026;

4. Plaintiff Jane AC Doe SHALL FILE a declaration attesting to the reasons for her failure to appear for a deposition noticed to occur on April 30, 2026, no later than May 27, 2026; and

5. Defendants' request for an award of costs incurred for Plaintiff's failures to appear for and complete deposition is DENIED WITHOUT PREJUDICE.

**Any failure by Plaintiff to timely comply with this order will result in the imposition of sanctions, including a recommendation to dismiss this action without prejudice for failure to comply with the Court's orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **May 6, 2026**

_____
UNITED STATES MAGISTRATE JUDGE