UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE AC DOE,<br><br>              Plaintiff,<br><br>       v.<br><br>THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, *et al.*,<br><br>              Defendants. | Case No. 1:25-cv-02017-KES-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY<br>SANCTIONS OF $50 PER DAY<br><br>(Docs. 25, 27, 28, 32) |

**Background**

Plaintiff Jane AC Doe commenced this action in state court with the filing of a complaint against Defendants The Church of Jesus Christ of Latter-Day Saints ("the Church"), Temple Corporation of the Church of Jesus Christ of Latter-Day Saints ("the Temple"), Corporation of the President of The Bakersfield California Stake ("Bakersfield Stake") (collectively, Defendants"), and Santa Barbara California Stake of The Church of Jesus Christ of Latter-day Saints. *See* (Doc. 1). The Church and the Temple removed the action to this Court on December 26, 2026.

On April 30, 2026, counsel for Defendants contacted the Court to report that the parties' good faith efforts to resolve the issue of Plaintiff's non-appearance at a deposition had been unsuccessful and requested to convene for an informal discovery dispute conference. (Doc. 21).

1

On May 6, 2026, the Court convened with the parties on the record via Zoom videoconference to address the discovery dispute. (Doc. 24). Thereafter, the Court issued an order directing Plaintiff to file a declaration attesting to the reasons for her failure to appear for a noticed deposition. (Doc. 25).

On May 27, 2026, instead of procuring a declaration from Plaintiff consistent with the Court's order, counsel for Plaintiff Pinar Kermani filed an unsigned declaration, stating that counsel is "currently in the process of verifying the reason for Plaintiff's non-appearance." (Doc. 27). The declaration did not provide any further details as to counsel's efforts thereto and requested an extension of time to complete the inquiry and file a supplemental report. *See id.* The Court directed counsel for Plaintiff to file either a declaration by Plaintiff consistent with the Court's order or a supplemental declaration of counsel setting forth the details of all efforts counsel has made to contact Plaintiff to obtain the information ordered by the Court. (Doc. 28).

On May 29, 2026, Ms. Kermani filed a supplemental declaration. (Doc. 32). Therein, she provides that on May 7 and 8, 2026, she contacted Plaintiff via phone and text message, receiving no response. On May 11, 2026, Ms. Kermani "spoke to Plaintiff." Ms. Kermani does not provide how she spoke to Plaintiff nor any relevant contents of the conversation. After this conversation, Plaintiff's counsel "conducted an independent review of certain records in order to assess the full evidentiary picture" and, on May 13, 2026, "contacted a third-party in an attempt to obtain confirmation of information relevant to Plaintiff's non-appearance." *Id.* ¶¶ 3-5.

On May 19, 2026, counsel "requested certain records to obtain confirmation of information relevant to Plaintiff's non-appearance and are awaiting that response." On May 21, 2026, counsel "consulted with ethical advisors regarding its obligations in connection with this matter," representing that counsel believes "it would be most appropriate for Plaintiff to testify in the narrative only and present her own documents relevant to her non-appearance at her deposition." *Id.* ¶¶ 6-7.

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate

2

this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

**Discussion**

Here, the Court ordered Plaintiff to file a declaration attesting to the reasons for her failure to appear for a noticed deposition. (Doc. 25). Ms. Kermani's declaration in response thereto was both unsigned and nonresponsive to the Court's order. (Doc. 27). Thereafter, the Court ordered counsel to file either a declaration by Plaintiff consistent with the Court's order or a supplemental

3

declaration of counsel setting forth the details of all efforts counsel has made to contact Plaintiff to obtain the information ordered by the Court. (Doc. 28). Ms. Kermani's declaration in response thereto is again deficient. Ms. Kermani provides that she contacted Plaintiff on May 7 and 8, 2026, and received no response. On May 11, 2026, Ms. Kermani provides that she spoke to Plaintiff.

First, Ms. Kermani provides no information as to how she spoke to Plaintiff or what the conversation was about, and particularly whether it concerned the reasons for failure to appear at the noticed deposition. Second, there is no information in the declaration as to what "independent review" was conducted and of which records, nor as to the relevance of any such review of records. Third, there is no information provided as to which third party was contacted "in an attempt to obtain confirmation of information relevant to Plaintiff's non-appearance," nor as to the relevance of contacting a third party. Fourth, there is no information regarding the relevance of any requested records that counsel is still awaiting. And fifth, there is no information regarding the purpose of consulting with ethical advisors regarding counsel's obligations herein. Counsel continue to represent Plaintiff in this matter, with counsel's motion to withdraw presently scheduled for hearing on June 8, 2026. (Doc. 22). Thus, as counsel continue to presently represent Plaintiff, it is unclear why counsel have determined that it is "most appropriate for Plaintiff to testify in the narrative only and present her own documents relevant to her non-appearance at her deposition." Even if the Court were to accept counsel's determination, counsel provides no timeline for when the Court would receive such testimony and documentation in response to its order.

Thus, Plaintiff has failed to comply with the Court's orders. Specifically, the Court ordered Plaintiff to file a declaration in which she attests to the reasons for her failure to appear at deposition. (Doc. 25). Notwithstanding the Court's admonition in that order that failure to comply would expose Plaintiff to the imposition of sanctions, and despite counsel's representations that counsel has communicated with Plaintiff following the Court's issuance of the order, Plaintiff has failed to file the declaration. Aside from evidencing Plaintiff's lack of regard for complying with court orders, Plaintiff's intransigence is preventing the Court from efficiently managing its docket in this action. Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $50

sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff or Plaintiff's counsel files a declaration responsive to the Court's order (Doc. 25).  Plaintiff's filing of any response on today's date will not relieve Plaintiff of the sanction imposed commencing on this date.  Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff shall pay the Clerk of the Court $50 per day, beginning on the date of this order, until Plaintiff files a declaration responsive to the Court's order (Doc. 25) explaining the failure of Plaintiff to appear for a noticed deposition.

IT IS SO ORDERED.

Dated:    **June 2, 2026**

UNITED STATES MAGISTRATE JUDGE

5