UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANE AC DOE,

          Plaintiff,

    v.

THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, *et al.*,

          Defendants.

Case No. 1:25-cv-02017-KES-CDB

ORDER DISCHARGING SANCTIONS ORDER
AND REQUIRING PLAINTIFF TO PAY
SANCTIONS

(Doc. 33)

**14-Day Deadline**

**Background**

Plaintiff Jane AC Doe commenced this action in state court with the filing of a complaint against Defendants The Church of Jesus Christ of Latter-Day Saints ("the Church"), Temple Corporation of the Church of Jesus Christ of Latter-Day Saints ("the Temple"), Corporation of the President of The Bakersfield California Stake ("Bakersfield Stake") (collectively, Defendants"), and Santa Barbara California Stake of The Church of Jesus Christ of Latter-day Saints. *See* (Doc. 1). The Church and the Temple removed the action to this Court on December 26, 2026.

On May 6, 2026, the Court convened for a discovery dispute conference at the request of counsel for Defendants to address the issue of Plaintiff's failure to appear at a continued deposition. (Docs. 21, 24). Based on information and arguments contained in the parties' joint letter brief filed in advance of the conference (Doc. 23) and for the additional reasons set forth and preserved on the

1

record of the conference, the Court ordered Plaintiff to appear for the continued deposition no later than May 27, 2026. (Doc. 25). The Court separately ordered Plaintiff to file by that same deadline a declaration attesting to the reasons for her failure to appear the continued deposition. (Doc. 25).

On May 27, 2026, instead of procuring a declaration from Plaintiff consistent with the Court's order in response to the discovery dispute, counsel for Plaintiff Pinar Kermani filed an unsigned declaration, stating that counsel is "currently in the process of verifying the reason for Plaintiff's non-appearance." (Doc. 27). In response to the Court's subsequent order (Doc. 28) directing either a declaration from Plaintiff or a supplemental declaration from counsel, on May 29, 2026, Ms. Kermani filed a supplemental declaration. (Doc. 32). The Court, noting the supplemental declaration was again deficient and that Plaintiff had failed to comply with the Court's orders, found monetary sanctions appropriate to gain Plaintiff's compliance, and on June 2, 2026, ordered that Plaintiff shall pay the Clerk of the Court $50 per day beginning on the date of the Court's order imposing sanctions, until Plaintiff files a declaration responsive to the Court's order (Doc. 25) explaining the failure of Plaintiff to appear for a noticed deposition. (Doc. 33). To date, Plaintiff has failed to file any such declaration.

On June 8, 2026, the parties convened for hearing by Zoom video conference on Plaintiff's counsel's motion to withdraw (Doc. 22). Plaintiff Jane AC Doe appeared. Boris Treyzon and Pinar Kermani appeared on behalf of Plaintiff. Andrew Calderon and Jazmine Thompson appeared on behalf of Defendants. (Doc. 35).

**Discussion**

During the hearing, the Court placed Plaintiff Doe under oath, informed Plaintiff of the Court's order imposing sanctions, and explained that the sanctions were in response to Plaintiff's failure to file a declaration responsive to the Court's prior order (Doc. 25) regarding her failure to appear for a noticed deposition. The Court invited Plaintiff, at her election, to respond to the Court's inquiry at the hearing in lieu of filing a declaration, and admonished Plaintiff that any representations were made under penalty of perjury. In brief, Plaintiff represented that her partner had been arrested in relation to an alleged felony during her original deposition on April 8, 2026, and she received communications thereof on her mobile phone. Plaintiff also represented that she

2

has not resided in Sacramento for very long, that she relies on public transportation and does not have a car in the city, and that the location of the April 30, 2026, deposition was approximately 20 miles from her residence.

The Court finds that Plaintiff's sworn testimony during the hearing on the motion by counsel for Plaintiff to withdraw satisfies the Court's order that she file a declaration attesting to the reasons why she failed to appear for continued deposition. (Doc. 25) Accordingly, the Court shall discharge further sanctions and shall impose a total sanction of $300.00 based on the Court's order ($50 per day over six (6) days, June 2 – June 8, 2026). Accordingly, to deter Plaintiff from future violations of the Court's orders and the Local Rules and to ensure she abides by all applicable deadlines in this case, the Court will impose a total sanction of $300.00. *See, e.g.*, *Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of monetary sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished). The Court concludes that such a sanction is sufficient but not more than necessary to accomplish its coercive aim in light of the character and magnitude of the harm threatened by continued delinquency. *See Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

**<u>Conclusion and Order</u>**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff SHALL pay the Clerk of the Court $300.00 in full satisfaction of the sanction imposed in this case no later than **June 22, 2026**;

2. Plaintiff's counsel SHALL promptly file proof of payment with the Court once payment is made; and

*Remainder of This Page Intentionally Left Blank*

3.  If such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from June 23, 2026, until full payment is received.

**Any failure by Plaintiff to comply with this order will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:    **June 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE