UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE AC DOE,<br><br>            Plaintiff,<br><br>      v.<br><br>THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-02017-KES-CDB<br><br>ORDER DENYING COUNSEL FOR<br>PLAINTIFF'S MOTION TO WITHDRAW<br><br>(Doc. 22) |

Plaintiff Jane AC Doe commenced this action in state court with the filing of a complaint against Defendants The Church of Jesus Christ of Latter-Day Saints ("the Church"), Temple Corporation of the Church of Jesus Christ of Latter-Day Saints ("the Temple"), Corporation of the President of The Bakersfield California Stake ("Bakersfield Stake") (collectively, Defendants"), and Santa Barbara California Stake of The Church of Jesus Christ of Latter-day Saints. *See* (Doc. 1). The Church and the Temple removed the action to this Court on December 26, 2026.

Pending before the Court is counsel for Plaintiff's motion to withdraw as counsel of record, filed on May 4, 2026. (Doc. 22). Following Defendants' filing of an opposition (Doc. 26) and counsel for Plaintiff's reply (Doc. 29), the Court convened for hearing on the motion on June 8, 2026 (Doc. 35), discussed further below.

///

**Background**

**A.  Filings in Connection with Counsel's Motion to Withdraw**

On April 30, 2026, counsel for Defendants contacted the Court to report that the parties' good faith efforts to resolve the issue of Plaintiff's non-appearance at a deposition had been unsuccessful and requested to convene for an informal discovery dispute conference.  (Doc. 21).  Thereafter, counsel for Plaintiff filed a motion to withdraw as counsel of record.  (Doc. 22).  In his accompanying declaration, counsel for Plaintiff Michael Zuzo attests in summary fashion that the "attorney-client relationship has deteriorated to the point that Counsel can no longer effectively represent Plaintiff."  (Doc. 22-2 ¶ 3).  Attorney Zuzo states that counsel has been "unable to obtain the communication, cooperation, and direction necessary" to prosecute the claims "consistent with its professional obligations."  *Id.* ¶ 4. Attorney Zuzo represents that, due to counsel's "continuing duties of confidentiality, loyalty, and protection of Plaintiff's interests," counsel has "not set forth additional client-specific facts in this Declaration," and to "avoid disclosure of privileged or confidential information."  *Id.* ¶ 6.  Attorney Zuzo states that "Plaintiff failed to appear for a duly noticed deposition scheduled for April 30, 2026," and counsel has cooperated in Defendants subsequent meet-and-confer process regarding an informal discovery dispute conference regarding the issue.  *Id.* ¶ 7.

On May 18, 2026, Defendants filed an opposition to the motion to withdraw.  (Doc. 26).  Defendants assert that counsel for Plaintiff "has not conducted any affirmative discovery" over the last seven months and "has obstructed [Defendants'] discovery into her own claims."  Defendants state that Plaintiff "arrived over an hour late for her deposition and then unilaterally terminated it after only a few hours," and Plaintiff then "failed to appear" for a rescheduled deposition weeks later causing Defendants "to take a certificate of non-appearance."  Defendants assert that, as Plaintiff is now under order of the Court to "complete her deposition by May 27, 2026, or face sanctions," counsel should not be allowed to withdraw "at this critical juncture" while Plaintiff is subject to the Court's order regarding discovery with possibility of sanctions being imposed.  *Id.* at 2, 5.

Further, Defendants argue that withdrawal should not be permitted until counsel for Plaintiff

2

complies with Local Rule 182(d) by providing Plaintiff's last known address and efforts made to notify Plaintiff of the motion, and withdrawal should be conditioned with a deadline for Plaintiff to retain substitute counsel or provide notice of her intent to proceed pro se. *Id.* at 5.

In their reply, counsel for Plaintiff state that they and Plaintiff Doe have "reached an impasse that rendered continued representation untenable, and [counsel] promptly notified Plaintiff of its determination to withdraw." (Doc. 29 at 3). Counsel state they were "unable to secure Plaintiff's attendance" at her deposition despite "repeated and diligent efforts." Counsel assert that public disclosure of Plaintiff Doe's address would undermine the purpose of the "Doe" designation and request that the Court permit them to file a declaration satisfying the requirements of Local Rule 182(d) under seal. *Id.* at 6. Counsel states that they "made extensive efforts – more than a dozen documented contact attempts – to secure Plaintiff's deposition appearance before the Court's deadline." Counsel assert that a brief stay would afford Plaintiff the reasonable opportunity to obtain new counsel. *Id.* at 7.

In her accompanying declaration, Attorney Pinar Kermani provides that counsel spoke to Plaintiff Doe by telephone on April 17, 2026, concerning counsel's intent to withdraw from representation and, on April 28, 2026, counsel again spoke to Plaintiff Doe by telephone regarding withdrawal, and sent an email memorializing the correspondence and reiterating the substance of those discussions that same day. (Doc. 29-2 ¶ 6).

Attorney Kermani provides that on May 1, 2026, counsel sent Plaintiff a letter by U.S. mail, as well as an email, advising Plaintiff Doe of counsel's intent to seek leave to withdraw from representation. *Id.* ¶ 7. Attorney Kermani states that, on May 4, 2026, counsel served Plaintiff Doe with the motion to withdraw and all accompanying documents by email and U.S. mail. *Id.* ¶ 8. Attorney Kermani states that counsel has not received any substantive communication from Plaintiff Doe in response to counsel's communications on May 1 and May 4, 2026. *Id.* ¶ 10.

**B. Filings in Connection with Discovery Dispute**

On May 6, 2026, the Court convened with the parties on the record via Zoom video conference to address the parties' discovery dispute concerning Plaintiff's failing to appear for deposition. (Doc. 24). Thereafter, the Court issued an order directing Plaintiff to file a declaration

attesting to the reasons for her failure to appear for the deposition. (Doc. 25). On May 27, 2026, instead of procuring a declaration from Plaintiff Doe consistent with the Court's order, Attorney Kermani filed an unsigned declaration, stating that counsel is "currently in the process of verifying the reason for Plaintiff's non-appearance." (Doc. 27). The declaration did not provide any further details as to counsel's efforts thereto and requested an extension of time to complete the inquiry and file a supplemental report. *See id.* The Court directed counsel for Plaintiff to file either a declaration by Plaintiff consistent with the Court's order or a supplemental declaration of counsel setting forth the details of all efforts counsel made to contact Plaintiff to obtain the information ordered by the Court. (Doc. 28).

On May 29, 2026, Attorney Kermani filed a supplemental declaration. (Doc. 32). Therein, she provides that on May 7 and 8, 2026, she contacted Plaintiff via phone and text message, receiving no response, but that on May 11, 2026, she "spoke to Plaintiff." Attorney Kermani does not elaborate whether she spoke to Plaintiff Doe in person or via telephone nor any relevant contents of the conversation. *Id.* ¶ 3.

### C. Defendants' Motion for Sanctions

On June 3, 2026, Defendants filed a motion for sanctions regarding Plaintiff Doe's failure to appear for deposition, attaching thereto purported records of email communications between the parties. (Doc. 34). In one such exhibit, Attorney Zuzo informs Defendants' counsel by email on May 13, 2026, that Plaintiff Doe is available to appear for deposition on May 25, 26, or 27, 2026. That same day, Attorney Zuzo communicated by email that counsel "have made numerous attempts throughout the past week to reach our client and were only able to successfully re-establish communication with her today" [May 13, 2026]. The next day, Attorney Zuzo communicated by email that Plaintiff Doe is "willing and able to travel to Los Angeles for her continued deposition" on May 26, 2026. (Doc. 34, Ex. H at 2-4).

On May 25, 2026, Attorney Kermani emailed Defendants' counsel, communicating that Plaintiff "is not available to appear in person for tomorrow's deposition" but could proceed via video conference. On May 26, 2026, Attorney Kermani emailed Defendants' counsel to provide that they were prepared to notice Plaintiff Doe's deposition on May 29, 2026, by video conference;

4

in the alternative, the deposition would "need to take place at Plaintiff's residence in Sacramento." *Id.*, Ex. J at 8, 13.

### D. Hearing on Motion to Withdraw

On June 8, 2026, the parties convened for hearing by Zoom video conference on counsel's motion to withdraw. Plaintiff Doe appeared telephonically. Boris Treyzon and Pinar Kermani appeared on behalf of Plaintiff. Andrew Calderon and Jazmine Thompson appeared on behalf of Defendants. (Doc. 35). During the hearing, the Court placed Plaintiff Doe under oath, informed Plaintiff of the Court's order imposing sanctions, and explained that the sanctions were in response to Plaintiff's failure to file a declaration responsive to the Court's prior order (Doc. 25) regarding her failure to appear for a noticed deposition.

During the hearing, counsel for Plaintiff Boris Treyzon communicated that counsel did not provide specific details in their briefing regarding the motion to withdraw due to concerns related to possible disclosure of privileged or confidential information and details of attorney-client communications. When questioned by the Court, counsel did not offer any reasonable explanation why such information was not provided to the Court in a filing made under seal.

### **Governing Authority**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney

must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.6(d). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" or when the client "breaches a material term of an agreement" with the attorney relating to the representation. Cal. R. Prof. Conduct 1.6(b)(4) & (5).

**Discussion**

Plaintiff's counsel provides insufficient details to permit the Court to adequately balance the equities in deciding whether to grant the relief requested based on the grounds asserted (a breakdown in the attorney-client relationship rendering continued representation unreasonably difficult). *See CE Res., Inc.*, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009). Thus, for instance, although counsel's motion appears to implicate Cal. R. Prof. Conduct 1.16(b)(4), the declarations of Attorney Zuzo and Attorney Kermani do not demonstrate with sufficient detail that the recent breakdown they attest to experiencing with their client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4).

Counsel provides largely generalized and conclusory assertions regarding any breakdown in the attorney-client relationship. For instance, Attorney Zuzo attests that the "attorney-client relationship has deteriorated to the point that Counsel can no longer effectively

6

represent Plaintiff" and that counsel has been "unable to obtain the communication, cooperation, and direction necessary" to prosecute the claims "consistent with its professional obligations," but fails to provide any particulars regarding the breakdown in the attorney-client relationship or counsel's efforts to obtain such communication, cooperation, and direction. *See* (Doc. 22-2 ¶¶ 3-4). Thus, although Attorney Zuzo provides some dates of communications or attempted communications between counsel and Plaintiff Doe that suggest Plaintiff was nonresponsive, the record reflects that counsel more recently has successfully communicated with Plaintiff (*see supra*).

In their reply, counsel provide only generally that they "made extensive efforts – more than a dozen documented contact attempts – to secure Plaintiff's deposition appearance before the Court's deadline." (Doc. 29 at 7). Counsel do not detail the medium, content, and dates of transmission of the purported dozen attempts nor provide whether they received any responses from Plaintiff Doe. In her accompanying declaration, Attorney Kermani attests that counsel communicated their intent to withdraw from representation on April 17 and 28, 2026, as well as May 1, 2026, and served Plaintiff Doe with the motion papers on May 4, 2026, by email and U.S. mail. Attorney Kermani states that counsel has received no substantive communication in response to their communications on May 1 and 4, 2026. *See* (Doc. 29-2). However, Attorney Kermani does not provide any information that assists the Court in balancing the relevant equities aside from a general and conclusory characterization of a breakdown in the attorney-client relationship and Plaintiff Doe's failure to communicate and cooperate.

Indeed, in response to the Court's orders regarding the discovery dispute (Docs. 25, 28), on May 29, 2026, Attorney Kermani filed a supplemental declaration in which she represents that she spoke to Plaintiff on May 11, 2026. (Doc. 32). Additionally, the emails attached to Defendants' motion for sanctions (Doc. 34) reflect that counsel and Plaintiff Doe remained in some form of communication throughout the numerous attempts counsel for the parties made in connection with rescheduling Plaintiff's deposition. *See* (Doc. 34, Exs. H, J). Finally, Plaintiff Doe could only have appeared at the hearing on counsel's motion to withdraw if she remained in contact with counsel and received the teleconference connection in formation. Thus, the record demonstrates that there

has not been a wholesale breakdown in the lines of communication between counsel for Plaintiff and Plaintiff Doe.

Additionally, Attorney Treyzon's representations at the hearing on the motion to withdraw that counsel did not provide the Court with specific details about their communications with Plaintiff due to concerns related to possible disclosure of privileged or confidential information do not excuse counsel's obligation to provide a proper basis for withdrawal.  Indeed, counsel filed a request to seal the declaration of Attorney Kermani in support of the motion to withdraw in compliance with Local Rule 182(d) (*see* Doc. 29-1) but offer no explanation for why they did not seek to seal and lodge with the Court a declaration in which they provide the fulsome factual basis this Court requires to determine whether withdrawal is warranted.

Accordingly, counsel's motion to withdraw will be denied without prejudice.  Counsel may file a renewed motion to withdraw supported by an accompanying affidavit setting forth with sufficient particularity the circumstances counsel asserts support withdrawal.  Counsel may include an accompanying application to seal, as appropriate, should they deem the information to be disclosed protectible under Local Rule 141 as privileged or otherwise.  In short, the Court requires details about the circumstances prompting counsel to assert that the attorney-client relationship has broken down, including among other details, the nature and format/form (*i.e.,* mail, email, telephone, text) of counsel's communications or attempted communications with the client, the dates on which counsel did or attempted to communicate with the clients, the dates of any responses by the client, and a description of what prompted the breakdown.

**Conclusion and Order**

For the reasons stated above, counsel for Plaintiff's motion to withdraw (Doc. 22) is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **June 17, 2026**

_____
UNITED STATES MAGISTRATE JUDGE