UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE AC DOE,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, *et al.*,<br><br>                    Defendants. | Case No. 1:25-cv-02017-KES-CDB<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SANCTIONS<br><br>ORDER VACATING HEARING<br><br>(Doc. 34)<br><br>**21-Day Deadline**<br><br>ORDER REQUIRING PLAINTIFF AND<br>COUNSEL TO SHOW CAUSE IN WRITING<br>AS TO WHY DAILY SANCTIONS<br>SHOULD NOT CONTINUE AND WHY<br>FULL SANCTION AMOUNT SHOULD<br>NOT BE IMPOSED<br><br>(Docs. 33, 36)<br><br>**7-Day Deadline** |

Pending before the Court is the motion of Defendants The Church of Jesus Christ of Latter-Day Saints ("the Church"), Temple Corporation of the Church of Jesus Christ of Latter-Day Saints ("the Temple"), and Corporation of the President of The Bakersfield California Stake ("Bakersfield Stake") (collectively, Defendants") for imposition of sanctions against Plaintiff Jane AC Doe pursuant to Rule 37, Federal Rules of Civil Procedure. (Doc. 34). Defendants renewed their motion with a supplemental filing (Doc. 39) and Plaintiff filed an opposition (Doc. 43).

1

Having reviewed the pleadings and the parties' filings on Defendants' motion, the Court concludes that the matter is amenable to disposition without hearing and oral argument. Accordingly, the motion hearing noticed on July 9, 2026, is VACATED. *See* Local Rule 230(g).

**<u>Background</u>**

Plaintiff commenced this action in state court with the filing of a complaint against Defendants and Santa Barbara California Stake of The Church of Jesus Christ of Latter-day Saints[1]. *See* (Doc. 1). In her complaint, Plaintiff alleges that between approximately 1994 and 2001, she was a minor and spent summers in California during which she was sexually abused by adult male leaders of the various Defendants, including on the Church's property in Bakersfield and Santa Barbara. Plaintiff alleges that the sexual and emotional abuse she experienced was directly connected to the various Defendants' youth programs and activities, and was made possible by the authority, trust, and access Defendants conferred upon these leaders. (Doc. 1-1 ¶ 2).

The Church and the Temple removed the action to this Court on December 26, 2025. On January 23, 2026, Plaintiff filed a motion to remand. (Doc. 8). That motion is fully briefed and submitted before the presiding district judge. (Doc. 13). Shortly after the motion's submission, the parties requested the Court to enter a stipulated protective order to govern anticipated discovery; the Court entered the parties' protective order on March 5, 2026. (Docs. 15-16).

Counsel for the parties arranged for the deposition of Plaintiff to occur on April 8, 2026. (Doc. 23). Plaintiff arrived for the deposition approximately one hour late and unilaterally terminated the deposition after approximately three hours due to an unspecified emergency. *Id*. The parties thereafter agreed to continue Plaintiff's deposition on April 30, 2026. *Id*. Counsel for Plaintiff confirmed with counsel for Defendants two days prior to the deposition that Plaintiff would appear. However, Plaintiff did not appear at the deposition and, after waiting approximately one hour, Defendants certified Plaintiff's non-appearance. *Id*.

On April 30, 2026, counsel for Defendants contacted the Court to report that the parties' good faith efforts to resolve the issue of Plaintiff's non-appearance at the deposition had been

---

[1] Defendant Santa Barbara California Stake has not filed a responsive pleading or otherwise appeared.

unsuccessful and requested to convene for an informal discovery dispute conference. (Doc. 21). The Court set the matter for an informal discovery dispute conference and the parties filed a joint letter brief (Doc. 23). The same day, counsel for Plaintiff filed a motion to withdraw as counsel of record. (Doc. 22).

On May 6, 2026, the Court convened with the parties on the record via Zoom videoconference to address the discovery dispute. (Doc. 24). The Court entertained oral argument by counsel and thereafter, with the parties' agreement, the matter was submitted for decision. That same day, the Court entered an order requiring Plaintiff to appear for a continued deposition no later than May 27, 2026. (Doc. 25). In its order, the Court denied without prejudice Defendants' request that Plaintiff be required to reimburse them for costs they incurred for her failures to appear for deposition, pursuant to Fed. R. Civ. P. 37(d)(1) & (3). In particular, the Court had insufficient information before it to determine whether such an award would be unjust given counsel for Plaintiff's representation that she learned from an unidentified third-party that Plaintiff reportedly was unable to attend the continued deposition (on April 30) because she was in the hospital at that time. *Id.* at 4.

Separately, in connection with counsel for Plaintiff's since-denied (*see* Doc. 42) motion to withdraw as counsel of record (Doc. 22), on June 8, 2026, the Court convened with the parties on the record via Zoom videoconference to hear argument on the motion. (Doc. 35). Plaintiff appeared telephonically and was sworn. When asked by the Court, Plaintiff voluntarily represented that she terminated the April 8 deposition after receiving information during the deposition from her family about the arrest of her boyfriend, after which she experienced depression. According to Plaintiff's sworn statements, on April 30, she did not attend the continued deposition, notwithstanding that she lived approximately 20 miles away from the location for the deposition, because she did not have a vehicle and was reliant on public transportation. Plaintiff explained that she had not lived in the city of Sacramento for very long and did not have a "support system" there. The Court invited Plaintiff to proffer any additional information about the reasons for her failure to appear for the continued deposition on April 30 and Plaintiff provided no additional information.

**Defendants' Motion for Sanctions**

Consistent with the Court's order of May 6, 2026, compelling Plaintiff to appear for a continued deposition (Doc. 25), counsel for the parties conferred but were unable to agree upon the parameters for continuing the deposition.  "To reduce the burden and expense of a third trip to Sacramento" to depose Plaintiff, counsel for Defendants offered to proceed in its Los Angeles offices and counsel for Plaintiff confirmed she was "willing and able to travel to Los Angeles" for the deposition on May 26, 2026.  (Doc. 34 at 12) (citing Doc. 34-1, Declaration of Andrew E. Calderón ["Calderón Decl."], ¶¶ 14, 15 & Exs. H & I).  The day prior to the re-noticed deposition (i.e., May 25), counsel for Defendants inquired with counsel for Plaintiff but counsel was then unable to confirm Plaintiff would appear.  Shortly thereafter – at approximately 11:14 p.m. – counsel for Plaintiff responded that Plaintiff would not appear in-person but was available to appear remotely.  Because counsel for Defendants was not agreeable at that time to proceed with the deposition remotely and already had made arrangements for court reporting and videographer services, on May 26, 2026, counsel for Defendants appeared for Plaintiff's re-noticed, continued deposition.  Neither Plaintiff nor her counsel appeared for the deposition.[2] Counsel for Plaintiff thereafter sought to obtain the agreement of counsel for Defendants to re-notice the deposition with Plaintiff appearing either remotely or at Plaintiff's residence in Sacramento, but Defendants' counsel was not agreeable.  (Calderón Decl. ¶¶ 16-21 & Ex. J).

After the Court had the benefit of Plaintiff's sworn testimony provided during the hearing on counsel's motion to withdraw relating to her reasons for failing to appear at the April 30 continued deposition, on June 15, 2026, Defendants filed a reply in further support of their motion for sanctions.  (Doc. 39).  In their reply, Defendants renew their earlier request that Plaintiff be required to reimburse them for costs they incurred for her failures to appear for depositions, and separately request terminating sanctions in light of Plaintiff's continuing failure to appear for deposition, including in violation of the Court's earlier order requiring that she appear for continued deposition no later than May 27, 2026.  *See id.*

---

[2] Under oath, Plaintiff attested during the hearing on counsel's motion to withdraw that she could not fly to Los Angeles for this deposition because she did not have a "REAL ID" and that she had offered to rent a car to drive to the deposition (presumably from her residence in Sacramento) but that her counsel did not want her to.

On June 17, 2026, Plaintiff filed an untimely opposition to Defendants' motion for sanctions. (Doc. 43). In their opposition, Plaintiff contends that the Court's earlier imposition of a financial sanction for Plaintiff's failure to timely comply with the Court's order to file a declaration in which she explained her reasons for failing to appear at the continued deposition ($50/day accrued over six days for a total $300.00) fully "resolv[ed] the immediate compliance issue through calibrated relief" and that, accordingly, terminating sanctions are not warranted. *Id.* at 2-3. She further argues that terminating sanctions are unwarranted given that her offer to proceed with a continued deposition remotely did not violate the Court's earlier order to "appear" for and complete deposition no later than May 27, 2026. *Id.* at 6-7.

**Governing Legal Standard**

When a party "fails, after being served with proper notice, to appear for that person's deposition," the court "must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1) & (3). *See, e.g.*, *MG Premium Ltd. V. Does*, No. CV 21-8533-MCS (KKx), 2023 WL 4291526, at *6-7 (C.D. Cal. June 8, 2023) (awarding attorney's fees and costs for court reporter, videographer, and transcript preparation resulting from plaintiff's failure to appear for deposition). The burden of showing substantial justification and that an award of expenses would be unjust is on the party being sanctioned. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (citation omitted).

**Discussion**

**A.    Sanctions are Warranted for Plaintiff's Failure to Appear for Deposition**

First, Plaintiff does not materially respond to Defendants' argument that they are entitled to recover expenses and costs under Rule 37 associated with Plaintiff's failure to appear at either the April 30 continued deposition or the re-noticed continued deposition on May 26, 2026. Plaintiff is mistaken to construe the Court's order to show cause and its imposition upon her of a $300.00 sanction as somehow dispositive of Defendants' entitlement under Rule 37 to recover

5

expenses and costs.[3]  The Court's relevant orders clearly set forth that the $300.00 sanction was imposed for Plaintiff's discrete failure to timely file a declaration addressing her absence from the April 30 continued deposition.  *See* (Docs. 33, 36).  That misconduct was remedied *only after* the Court permitted Plaintiff to provide sworn testimony about her reasons for failing to appear for deposition in lieu of filing a declaration.  In all events, the sanction vindicated a different equity (compliance with the Court's orders) than the equity Rule 37 seeks to vindicate for a party's failure to comply with her discovery obligations (reimbursement of adversarial counsel's fees and expenses incurred as a result thereof).

On the merits, however, the Court finds that Plaintiff's explanations for her failure to appear for the depositions do not substantially justify her discovery misconduct, nor do they render the award of expenses unjust.  As for the April 30 continued deposition, Plaintiff attested only to the inconvenience she would have experienced in traveling approximately 20 miles by public transportation from her residence to the location of the deposition.  As for the May 26 re-noticed continued deposition, neither counsel nor Plaintiff articulate any plausible reason why they were amenable to travelling to Los Angeles prior to Defendants' noticing of the deposition, only to unilaterally declare less than 12 hours prior to the deposition that they no longer were either willing or able to travel.  *See Rodriguez v. Vizio, Inc*., No. 14-cv-368 JLS-NLS, 2015 WL 11439030, at *2 (S.D. Cal. Jan. 26, 2015) (noting that the Ninth Circuit has held that a party fails to appear for her deposition, within the meaning of Fed. R. Civ. P. 37(d), where she unilaterally cancels the deposition immediately prior to the date on which it is noticed) (citing *Henry v. Gill Industries, Inc*., 983 F.2d 943, 947 (9th Cir. 1993)).  Although Plaintiff's travel from Sacramento to Los Angeles implicated obvious challenges to her attending, those challenges were known to Plaintiff when counsel agreed to proceed with the deposition in Los Angeles prior to Defendants' noticing the deposition.  Further, as Plaintiff attested, she was willing to travel to Los Angeles by rental car but was told by counsel they did not want her to do that.  Under these circumstances, counsel for Defendants was well within their rights to decline Plaintiff's belated offer to proceed

---

[3] As discussed *infra*, in any event, Plaintiff has failed to comply with the Court's order to timely pay sanctions and, accordingly, daily sanctions have continued to accrue consistent with the terms of the order imposing sanctions (*see* Docs. 33, 36).

with the deposition remotely, particularly given that by the time that offer was extended, Defendants already had incurred expenses in reserving a court reporter.

The Court finds Defendants' request for expenses related to Plaintiff's unjustifiable failures to appear for either the April 30 or May 26 re-noticed depositions (Calderón Decl., ¶¶ 25-28 & Ex. K) is reasonable and supported. *See, e.g., United States v. Millet*, No. 9:21-cv047-DWM, 2023 WL 2344723, at *7 (D. Mont. Mar. 3, 2023) (awarding pursuant to Rule 37 expenses incurred as a result of party's unjustified failure to appear for deposition, including reimbursement for travel and stenographer expenses); *Wilson v. Zenith Am. Solutions, Inc.*, No. 4:20-cv-05617-JST, 2023 WL 3579320, at *3-4 (N.D. Cal. Feb. 23, 2023) (same); *Rodriguez*, 2015 WL 11439030, at *4 (same); *Gibbs v. Rivers Transp. Grp., Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 WL 204928, at *4-5 (D. Nev. Jan. 17, 2014) (same, including reimbursement for meals and incidental expenses). Given Plaintiff's appearance at the April 8 deposition, notwithstanding her unilateral, premature termination, the Court finds that awarding Defendants their expenses incurred in connection with that deposition are not warranted.

The Court finds Plaintiff's request for a "structured deposition order" – in effect, granting her relief from appearing in-person for her continued deposition – is unwarranted. (Doc. 43 at 9). Although the Court acknowledges that it may order in its discretion the continued deposition to proceed remotely (Fed. R. Civ. P. 30(b)(4)), here, Plaintiff has not demonstrated compelling reasons why she is unable to travel to Los Angeles to complete her deposition – a circumstance that was brought about only because she unilaterally terminated her original deposition prematurely, then failed without good cause to appear for the re-noticed deposition at a location selected for its convenient proximity to her residence.

Accordingly, the Court will order Plaintiff again to appear in-person for a continued deposition within 21 days of entry of this order. The Court will abstain for now from adjudicating Defendants' request for the imposition of terminating sanctions. *E.g.*, *Millet*, 2023 WL 2344723, at *7 (finding sanctions warranted under Rule 37(d)(3) for party's failure to appear at deposition, but noting "[n]onetheless, default judgment—as requested by the government—is an extreme remedy and there are mitigating facts in play."). However, the Court reiterates its earlier warning

to Plaintiff (*see* Doc. 25 at 3-4) that her failure to appear for deposition in violation of this Order may be grounds for sanctions, including evidentiary sanctions (*see Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016)), and dismissal of the action. *E.g., Jones v. Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009) (dismissing action upon plaintiff's failure to appear for continued deposition); *Lugo v. Sham*, No. 3:00-cv-1104-MMC, 2001 WL 348984, at *4 (N.D. Cal. Apr. 5, 2001) (same). *Cf. Roth v. AIG*, No. 2:24-cv-01124-TLN-CKD, 2025 WL 216266, at *3 (E.D. Cal. Jan. 16, 2025) (evidentiary sanctions not warranted where plaintiff's single failure to appear for deposition occurred more than three months before close of fact discovery and plaintiff had not previously been warned by the court that a failure to appear would result in sanctions).

**B.    Additional Sanctions Accruing for Plaintiff's Failure to Comply with Order**

On June 8, 2026, the Court discharged its order to show cause for Plaintiff's failure to comply with the Court's earlier order to timely file a declaration and imposed sanctions in the amount of $300.00. (Doc. 36).   In its order, the Court directed Plaintiff to pay the Clerk of the Court $300.00 in full satisfaction of the sanction imposed no later than June 22, 2026, and to promptly file proof of payment. *Id.* at 3.   Plaintiff did not and still has not complied with the Court's order to pay the full amount of sanctions imposed and file proof of payment. Accordingly, consistent with the Court's discharge order, additional sanctions of $50.00 per day have issued commencing on June 23, 2026, and continue to accrue until full payment is received. *Id.* at 4.

As of the date of this order, the sanctions previously imposed upon Plaintiff, combined with the still-accruing daily sanctions, has reached a total of $1,050.00.   In light of Plaintiff's continuing abdication of her duty to comply with the Court's orders, the Court shall afford Plaintiff and her counsel an opportunity to explain why the total sanction amount already accumulated as of this date should not be imposed in total, jointly and severally against Plaintiff and her counsel.   The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of the Court the cumulative daily sanctions now owed.

To be clear to Plaintiff and her counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began from June 23, 2026 (*see* Doc. 36), and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Plaintiff and counsel comply with the Court's orders noted above and this order.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 37 (Doc. 34) is GRANTED;

2. The hearing on Defendants' motion for sanctions noticed for July 9, 2026, is VACATED;

3. Within 21 days of entry of this order, Plaintiff shall pay to Defendants the expenses and costs incurred for her failure to attend depositions on April 30, 2026, and May 26, 2026, in the total amount of $2,821.58;

4. Counsel for Plaintiff shall obtain Plaintiff's availability to appear for deposition and initiate meet/confer consultations with counsel for Defendants regarding the continued deposition at a location suitable with counsel for Defendants no later than July 13, 2026;

5. Plaintiff shall appear for and complete deposition no later than July 28, 2026; and

*Remainder of This Page Intentionally Left Blank*

6. Within seven (7) days of entry of this order, Plaintiff shall show cause in writing why the cumulative, previously imposed sanction and daily sanction amount, set to reach $1,050.00 as of the date of this order (July 7, 2026), shall not be imposed jointly and severally and why daily sanctions shall not continue to be imposed.

**Any failure by Plaintiff to timely comply with this order will result in the imposition of sanctions, including a recommendation to dismiss this action without prejudice for failure to comply with the Court's orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:    **July 7, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

10