UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE AC DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, *et al*.,<br><br>Defendants. | Case No. 1:25-cv-02017-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE, TO COMPLY WITH COURT ORDERS, AND TO APPEAR FOR DEPOSITION<br><br>(Docs. 25, 49)<br><br>**14-Day Deadline** |

**<u>Background</u>**

**A. Summary of Relevant Events**

Plaintiff Jane AC Doe commenced this action in state court with the filing of a complaint against Defendants The Church of Jesus Christ of Latter-Day Saints ("the Church"), Temple Corporation of the Church of Jesus Christ of Latter-Day Saints ("the Temple"), Corporation of the President of The Bakersfield California Stake ("Bakersfield Stake") (collectively, Defendants"), and Santa Barbara California Stake of The Church of Jesus Christ of Latter-day Saints. *See* (Doc. 1). The Church and the Temple removed the action to this Court on December 26, 2025. *Id.*

On January 23, 2026, Plaintiff filed a motion to remand. (Doc. 8). That motion is fully briefed and submitted before the presiding district judge. (Doc. 13). Shortly after the motion's submission, the parties requested the Court to enter a stipulated protective order to govern

anticipated discovery; the Court entered the parties' protective order on March 5, 2026. (Docs. 15-16). Thereafter, counsel for the parties arranged for the deposition of Plaintiff to occur on April 8, 2026. (Doc. 23).

On April 30, 2026, counsel for Defendants contacted the Court to report that the parties' good faith efforts to resolve the issue of Plaintiff's non-appearance at her deposition had been unsuccessful and requested to convene for an informal discovery dispute conference. (Doc. 21). The Court set the matter for an informal discovery dispute conference and the parties filed a joint letter brief (Doc. 23). The same day, counsel for Plaintiff filed a motion to withdraw as counsel of record. (Doc. 22). On May 6, 2026, the Court convened with the parties on the record via Zoom videoconference to address the discovery dispute. (Doc. 24). Thereafter, the Court issued an order directing Plaintiff to, no later than May 27, 2026, (1) file a declaration attesting to the reasons for her failure to appear for a noticed deposition and (2) appear for a continued deposition. (Doc. 25).

On May 27, 2026, instead of procuring a declaration from Plaintiff consistent with the Court's order, counsel for Plaintiff Pinar Kermani filed an unsigned declaration, stating that counsel is "currently in the process of verifying the reason for Plaintiff's non-appearance." (Doc. 27). The declaration did not provide any further details as to counsel's efforts thereto and requested an extension of time to complete the inquiry and file a supplemental report. *See id.* The Court directed counsel for Plaintiff to file either a declaration by Plaintiff consistent with the Court's order or a supplemental declaration of counsel setting forth the details of all efforts counsel has made to contact Plaintiff to obtain the information ordered by the Court. (Doc. 28). On May 29, 2026, Ms. Kermani filed a supplemental declaration. (Doc. 32).

Finding that the supplemental declaration was deficient and that Plaintiff had failed to comply with the Court's orders, the Court ordered Plaintiff to pay sanctions of $50 per day, until Plaintiff filed a responsive declaration explaining her failure to appear for a noticed deposition. (Doc. 33). Relating to Plaintiff's continuing failure to appear for a continued deposition, on June 3, 2026, Defendants filed a motion for imposition of sanctions against Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure, in which Defendants specifically request the Court impose terminating sanctions. (Doc. 34). Defendants renewed their motion with a supplemental

filing (Doc. 39) and Plaintiff filed an opposition (Doc. 43).

On June 8, 2026, in connection with counsel for Plaintiff's since-denied (*see* Doc. 42) motion to withdraw as counsel of record (Doc. 22), the Court convened with the parties on the record via Zoom videoconference to hear argument on the motion. (Doc. 35). Plaintiff appeared telephonically and was sworn. When asked by the Court, Plaintiff voluntarily represented that she terminated the April 8 deposition after receiving information during the deposition from her family about the arrest of her boyfriend, after which she experienced depression. According to Plaintiff's sworn statements, on April 30, she did not attend the continued deposition, notwithstanding that she lived approximately 20 miles away from the location for the deposition, because she did not have a vehicle and was reliant on public transportation. Plaintiff explained that she had not lived in the city of Sacramento for very long and did not have a "support system" there. The Court invited Plaintiff to proffer any additional information about the reasons for her failure to appear for the continued deposition on April 30 and Plaintiff provided no additional information.

Finding that Plaintiff's testimony satisfied the Court's order that she file a declaration attesting to the reasons why she failed to appear for deposition (*see* Docs. 25, 28), the Court discharged further sanctions and ordered Plaintiff to pay the accrued amount of $300.00, subject to the imposition of additional sanctions of $50.00 per day if Plaintiff did not timely pay in full the sanction imposed. (Doc. 36).

**B. Summary of Facts Related to Plaintiff's Deposition**

Counsel for the parties arranged for the deposition of Plaintiff to occur on April 8, 2026. (Doc. 23). Plaintiff arrived for the deposition approximately one hour late and unilaterally terminated the deposition after approximately three hours. *Id.* The parties thereafter agreed to continue Plaintiff's deposition on April 30, 2026. *Id.* Counsel for Plaintiff confirmed with counsel for Defendants two days prior to the deposition that Plaintiff would appear. However, Plaintiff did not appear at the deposition and, after waiting approximately one hour, Defendants certified Plaintiff's non-appearance. *Id.*

Consistent with the Court's order of May 6, 2026, compelling Plaintiff to appear for a continued deposition (Doc. 25), counsel for the parties conferred but were unable to agree upon

the parameters for continuing the deposition. The day prior to the re-noticed deposition (i.e., May 25), counsel for Defendants inquired with counsel for Plaintiff but counsel was then unable to confirm Plaintiff would appear. Shortly thereafter – at approximately 11:14 p.m. – counsel for Plaintiff responded that Plaintiff would not appear in-person but was available to appear remotely. Because counsel for Defendants was not agreeable at that time to proceed with the deposition remotely and already had made arrangements for court reporting and videographer services, on May 26, 2026, counsel for Defendants appeared for Plaintiff's re-noticed, continued deposition. Neither Plaintiff nor her counsel appeared for the deposition. (Doc. 34-1 ¶¶ 16-21 & Ex. J).

Under oath, Plaintiff attested during the hearing on counsel's motion to withdraw that she could not fly to Los Angeles for this deposition because she did not have a "REAL ID" and that she had offered to rent a car to drive to the deposition (presumably from her residence in Sacramento) but that her counsel did not want her to. Counsel for Plaintiff thereafter sought to obtain the agreement of counsel for Defendants to re-notice the deposition with Plaintiff appearing either remotely or at Plaintiff's residence in Sacramento, but Defendants' counsel was not agreeable. *See id.*

After the Court had the benefit of Plaintiff's sworn testimony provided during the hearing on counsel's motion to withdraw relating to her reasons for failing to appear at the continued deposition, on June 15, 2026, Defendants filed a reply in further support of their motion for sanctions. (Doc. 39). In their reply, Defendants requested terminating sanctions in light of Plaintiff's continuing failure to appear for deposition, including in violation of the Court's earlier order requiring that she appear for continued deposition no later than May 27, 2026. *See id.*

In her opposition, Plaintiff contended that the Court's earlier imposition of a financial sanction for Plaintiff's failure to timely comply with the Court's order to file a declaration in which she explained her reasons for failing to appear at the continued deposition ($50/day accrued over six days for a total $300.00) fully "resolv[ed] the immediate compliance issue through calibrated relief" and that, accordingly, terminating sanctions are not warranted. (Doc. 43 at 2-3). She further argued that terminating sanctions are unwarranted given that her offer to proceed with a continued deposition remotely did not violate the Court's earlier order to "appear" for and complete

deposition no later than May 27, 2026. *Id.* at 6-7.

On July 7, 2026, the Court issued its order granting Defendants' motion for sanctions. (Doc. 49). In the order, the Court noted that Plaintiff had not complied with the order to pay the full amount of sanctions imposed and file proof of payment and, thus, sanctions continued to accrue. The Court directed Plaintiff and her counsel to show cause in writing as to why daily sanctions should not continue to accrue and why the full sanction amount, at that time a total of $1,050.00, should not be imposed jointly and severally against Plaintiff and her counsel. *Id.* at 8-9. The Court ordered counsel for Plaintiff to obtain Plaintiff's availability and initiate meet and confer consultations with counsel for Defendants regarding continued deposition at a location suitable with counsel for Defendants, no later than July 13, 2026, with the deposition to take place no later than July 28, 2026. *Id.* at 9. Furthermore, the Court advised Plaintiff that it will "abstain for now from adjudicating Defendants' request for the imposition of terminating sanctions. However, the Court reiterates its earlier warning to Plaintiff (*see* Doc. 25 at 3-4) that her failure to appear for deposition in violation of this Order may be grounds for sanctions, including evidentiary sanctions and dismissal of the action." *Id.* at 7-8 (citations omitted).

On July 13, 2026, Plaintiff's counsel filed a response to the Court's order. (Doc. 51). Therein, counsel Pinar Kermani represents that counsel attempted to communicate with Plaintiff to ensure payment of the $300.00 sanctions amount. Counsel states communications were as follows: by email on June 9, 2026, with Plaintiff responding and inquiring about a payment plan; by email on June 12, 2026, with Plaintiff responding but not providing her deposition availability or confirming payment of sanctions; by email and text message on June 17, 2026, to remind Plaintiff of the sanctions obligation, with no response; by email and text message on June 19, 2026, to remind Plaintiff of the sanctions obligation, with no response; and by email and text message on June 22, 2026, to remind Plaintiff of the sanctions obligation, with no response. *Id.* at 2-3.

After entry of the Court's order granting Defendants' motion for sanctions, Plaintiff's counsel represents that communication attempts continued. Counsel states communications were as follows: by email, text message, and phone call on July 8, 2026, providing an electronic copy of the Court's order and informing Plaintiff that immediate action was required, with no response;

by overnight mail, text message, and phone call on July 9, 2026, providing a physical copy of the Court's order and urging Plaintiff to respond to counsel, with no response; by email, text message, and phone call on July 10, 2026, informing Plaintiff of the Court's order ad urging Plaintiff to respond to counsel, with no response; and by email, text message, and phone call on July 13, 2026, informing Plaintiff of the Court's order and urging Plaintiff to respond to counsel, with no response. *Id.* at 3.

Plaintiff's counsel informed Defendants' counsel of the inability to provide Plaintiff's deposition availability. Counsel states that they do not possess any means to compel Plaintiff to pay the sanctions amount due and submits that imposing the sanction jointly and severally upon counsel "would be unjust because the nonpayment was not caused by counsel's conduct and persisted despite counsel's diligent efforts to secure compliance." *Id.* at 4.

**Governing Law and Analysis**

Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110. The Ninth Circuit has specifically encouraged dismissal where a district court has "determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders," noting that it is "within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance." *G-K Props. v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978). Separately, "[d]ismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). A dismissal under Rule 37 is permissible upon a finding of "willfulness, bad faith, or fault of the party." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

In considering the five factors, the Court notes that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Here, Plaintiff has failed to advance and prosecute this case by failing to complete, and thereafter appear for, her deposition, despite numerous attempts by counsel for Defendants to schedule her deposition, thereby delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id*. Here, Plaintiff has repeatedly failed to comply with the Court's orders. First, neither Plaintiff nor counsel filed a declaration addressing Plaintiff's failure to appear for deposition that complied with the Court's orders (*see* (Doc. 33), prompting the Court thereafter to spend considerable resources attempting to manage the noncompliance of Plaintiff regarding her deposition and the Court's orders. Despite these efforts, Plaintiff has neither completed her deposition nor provided any availability regarding scheduling her deposition sometime in the future. She separately has outright failed to timely remit payment in satisfaction of monetary sanctions imposed (which continue to accrue daily). Thus, Plaintiff is unreasonably delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal. *E.g., Meeks v. Nunez*, 857 Fed. Appx. 949, 950 (9th Cir. 2021) (affirming terminating sanctions; noting "[b]ecause Meeks repeatedly violated court orders [requiring attendance at deposition], the first and second factors favored sanctions.").

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d 642 (citing

*Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to comply with the Court's orders and to prosecute this case is causing a significant delay. Plaintiff's deposition was initially scheduled to proceed on April 8, 2026; Plaintiff appeared one hour late and abruptly left prior to its completion. As of the date of this order, over three months later, Plaintiff has twice failed to appear for a re-noticed deposition and failed to provide any availability, contrary to the Court's orders requiring her to do so, for completion of the deposition. The third factor also weighs in favor of dismissal. *E.g., Meeks*, 857 Fed. Appx. at 950 ("Because Meeks's conduct impeded the Defendants' ability to gather information and mount a defense, the third factor favored sanctions.").

As for the availability of lesser sanctions, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. The Court has issued daily monetary sanctions which, as of the date of this order, continue to accrue as Plaintiff has failed to pay the amount due. At this stage of the proceeding and in light of the posture of the case, evidentiary sanctions would not likely protect the Court from further expenditure of its scarce resources. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik,* 963 F.2d at 1262. Here, Plaintiff has been warned twice that failure to obey this Court's orders and make herself available for deposition may be grounds for sanctions, including dismissal of the action. (Doc. 25 at 3-4; Doc. 49 at 7-8). *E.g., Meeks*, 857 Fed. Appx. at 950.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's orders, this factor does not, therefore, weigh completely against dismissal. *See Jones v. Frazesn*, No. 2:07-cv-02758 RCT,

2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009) ("While there is a public policy favoring disposition of cases on their merits, it is the inaction of Plaintiff himself that has resulted in the inability of the parties to complete discovery and proceed to trial."). *E.g., Meeks*, 857 Fed. Appx. at 950-51 ("And because the district court considered less drastic alternatives, tried to implement feasible alternatives, and repeatedly warned Meeks that further noncompliance could result in dismissal, the fifth factor was satisfied.").

The undersigned finds that Plaintiff has willfully acted in flagrant disregard of the Court's orders regarding discovery and repeatedly failed to respond thereto. Therefore, and after weighing these factors and the underlying facts, dismissal with prejudice is appropriate. *See G-K Props.*, 577 F.2d at 647; *Sigliano*, 642 F.2d at 310; *see also Jones*, 2009 WL 3254905, at *2 ("Here, Plaintiff failed to complete his own deposition necessitating an adjournment while it was in progress and subsequently failed to attend a properly noticed continued deposition. Plaintiff then failed to meet his requirements under the Second Supplemental Discovery Order after he was warned that any further failure could result in sanctions, including dismissal of the action. Dismissal is thus a proper sanction.").

**Conclusion, Order, and Recommendation**

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice for Plaintiff's failure to prosecute, to comply with the Court's orders, and to appear for deposition;
2. Plaintiff's motion for remand (Doc. 13) be denied as moot; and
3. The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the

record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **July 17, 2026**

UNITED STATES MAGISTRATE JUDGE